IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DON NELL HAWKINS,**

        Petitioner,

    v.                                  **CIVIL ACTION NO. 5:13cv105**
                                                  **(Judge Stamp)**

**R.A. PERDUE,**

        Respondent.

**REPORT AND RECOMMENDATION**

**I. BACKGROUND**

On August 13, 2013, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 together with a Motion for Leave to Proceed *in forma pauperis*, After submitting a copy of his Prisoner Trust Account Report, the petitioner was granted leave to proceed *in forma pauperis.* The petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction. The matter is pending before the undersigned for a preliminary review pursuant to LR PL P 2.

**II. FACTS** [1]

On July 21, 2006, the petitioner was arrested by the Canton, Ohio Police Department on drug-related offenses. (Doc. 20-2, p1). At the time of his arrest, the petitioner was under state parole supervision for a 1997 conviction in Summitt County, Ohio Court of Common Pleas for drug trafficking and escape. In addition, he was under federal supervision for a bank robbery conviction in 2001 in the Northern District of Ohio (Case No. 1:01cr229) (Id.). As a result of his arrest by state

---

[1]The document notations in this section refer to documents filed in the petitioner's previously filed § 2241 petition. See 1:11-cv-00170-IMK-JSK.

1

authorities, the U.S. Probation Office for the Northern District of Ohio requested the issuance of a warrant, and a warrant for the petitioner's arrest was issued on July 28, 2006. (Doc. 20-7). On September 22, 2006, a criminal complaint was issued against the petitioner in the Northern District of Ohio for knowing and intentional possession with intent to distribute crack cocaine. (Doc. 20-4). On September 26, 2006, the Stark County Grand Jury returned a "No Bill" and on September 27, 2006, the petitioner was ordered released from State custody. (Doc. 20-3).

On October 19, 2006, the petitioner, through counsel, filed a Motion to Dismiss Case No. 1:06mj04048, alleging that the government had failed to file the indictment in accordance with the United States Code Speedy Trial provisions.[2] On October 20, 2006, the petitioner filed a *pro se* Motion to Dismiss in the same Magistrate Judge case number. On October 24, 2006, the government filed a response in which it argued that the 30-day clock (from arrest to indictment) for the purposes of the federal speedy trial statute, is triggered only by the filing of federal charges Complaint, accompanied by a federal arrest warrant. The response continued by noting that the United States District Court for the Northern District of Ohio issued a complaint and an arrest warrant for the petitioner on September 22, 2006. The petitioner was arrested and made a first appearance before the Court on September 25, 2006. Accordingly, the Government argued that the 30-day clock was triggered on September 25, 2006.[3]

On October 24, 2006, the petitioner was indicted by a federal grand jury in the Northern

---

[2]Specifically, the motion alleged that "[a]ny information or indictment charging an individual with an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connections with such charges." The motion continued by noting that the petitioner was arrested on July 21, 2006, and the complaint was not filed until September 22, 2006, which was clearly beyond the thirty day limit imposed by 18 U.S.C. §161(b). See 1:06-mj-04046-NAV Doc. #9). Available on PACER.

[3]See 1:06-mj-04048-NAV (Doc. 11).

District of Ohio on three (3) counts involving possession with intent to distribute and distribution of cocaine base (crack) on or about July 12, 2006 through July 21, 2006, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(B). See Case # 5:06cr505 Doc. # 12. On November 27, 2006, the petitioner's counsel filed yet another Motion to Dismiss pursuant to the Speedy Trial Act. The Government responded arguing that when a person is initially arrested on state charges, the federal speedy trial statute is not implicated. Id. Doc. # 21. On December 8, 2006, the petitioner's Motion to Dismiss was denied in a paperless order for the reasons stated in the Government's Brief in Opposition. Id.[4]

On December 18, 2007, the Court granted the petitioner's counsel's motion to withdraw and continued the trial to January 9, 2007, to permit his new counsel an opportunity to prepare. Id. Doc. 34. On January 9, 2007, the district court accepted a conditional plea to Count 3 of the Indictment charging the petitioner with distribution of 50 grams or more of crack cocaine. Pursuant to the conditional plea agreement, the petitioner retained his right to appeal the district court's denial of his motion to suppress evidence as well as his right to appeal or collateral attack on claims of ineffective assistance of counsel or prosecutorial misconduct. However, the petitioner waived his right to appeal his conviction or sentence, including his right to challenge his conviction or sentence collaterally under 28 U.S.C. § 2255. Moreover, he specifically waived any "objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions on bringing charges." Id. Doc. # 44.

On January 19, 2007, the petitioner, through counsel, filed motion to withdraw his guilty plea for reasons unrelated to the Speedy Trial Act. On February 12, 2007, the Court denied the motion.

---

[4]This is a paperless order, and therefore, there is no document number assigned to the entry.

Id. Docs. # 45, # 47. The petitioner was sentenced on April 26, 2007, to a term of 240 months incarceration and 10 years supervised release. In addition, on May 23, 2007, the petitioner was sentenced to 11 months incarceration for violation of supervised release to be served concurrently. See 1:11cr00229-00-JG, Northern District of Ohio (Doc. # 42).

On January 5, 2009, the petitioner filed a *pro se* Motion under 28 U.S.C. § 2255, raising the following four grounds:

(1) ineffective assistance of counsel regarding the petitioner's challenge of search warrant;

(2) prosecutorial misconduct regarding representations concerning a police report and Jenks and Brady material related to the suppression hearing, resulting in the petitioner's "guilty plea tainted and invalid;"

(3) ineffective assistance of counsel in failing to thoroughly investigate case to discover exculpatory evidence, resulting in the petitioner's entering an "invalid" guilty plea; and

(4) ineffective assistance of appellate counsel regarding appeal of the petitioner's motion to suppress.

On March 16, 2009, the petitioner filed an amended § 2255, essentially re-asserting the grounds he raised in his original motion. Id. Doc. 67. The petitioner did not raise any Speedy Trial Act issues.

On August 10, 2009, the district court denied the petitioner's § 2255 motion and found no basis to issue a certificate of appealability. Id. Doc. 98. On August 28, 2009, the petitioner filed an appeal. On May 13, 2010, the 6th Circuit denied all pending motions as to the petitioner and denied a certificate of appealability. Id. Doc. 118. On November 30, 2010, the petitioner filed another petition for wit of certiorari with the U.S. Court, which was denied on February 23, 2011. Id. Docs. 130 and 132).

Thereafter, the petitioner filed a motion for leave to file a second or successive motion to vacate sentence, asserting his recent discovery of the 1994 case of U.S. v. Benitez, 34 F.3d 1489 (9th Cir. 1994) which he argued supported his contention that he was denied his rights under the Speedy Trial Act. The Sixth Circuit denied the petitioner's application on June 23, 2011, concluding that the petitioner did not make the appropriate *prima facie* showing under 28 U.S.C. § 2255(h). (Doc. 20-6).

On October 20, 2011, the petitioner filed a petition under 28 U.S.C. § 2241 with this Court, in which he raised the following claim for relief:

> I am in custody in violation of the Federal Speedy Trial Act statute codified in § 3161(b), which effectuated my Due Process right under the 5th and 14th Amendments of the U.S. Constitution, and I cannot raise this issue in a § 2255.

For relief, the petitioner requested that this court uphold the Speedy Trial Act and dismiss his indictment, vacate his conviction, and order his release from custody.

The respondent was Ordered to Show Cause why the petitioner should be granted. The respondent thereafter filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment in which he argued that the petitioner's claims did not merit relief under § 2241. On May 1, 2012, Magistrate Judge Kaull entered a Report and Recommendation that the petition be denied because the petitioner did not meet the savings clause in 28 U.S.C. § 2255. On July 18, 2012, the Honorable Irene M. Keeley adopted the Report and Recommendation in its entirety and dismissed the petition with prejudice. On appeal, the Fourth Circuit affirmed the decision of the district court.[5]

In his current petition, the petitioner raises on ground for relief:

> My conviction obtained by plea of guilty was unlawfully induced by the government's fraudulent misrepresentation of my state

---

[5]See 1:11-cv-00170-IMK-JSK.

> arrest date being irrelevant for federal speedy trial act purposes, and § 2255 does not provide an [sic] remedy for after discovered fraud in a criminal proceeding. The plea is void. I am innocent of my conviction.

(Doc. 1, p. 5).[6] For relief, the petitioner requests that this court void his guilty plea, conviction and sentence and order his release.

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones,

---

[6]This document number is from the instant petition.

the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his sentence and conviction, as having been procured by a guilty plea which is void because it was obtained in violation of the 5th Amendment. The petitioner acknowledges that he does not meet the savings clause as defined by the Fourth Circuit but argues that a "mechanical application of the In re Jones requirements in this case would deprive [him] of any opportunity to make a federal habeas claim." (Doc.1-3, p. 5). Accordingly, the petitioner argues that this court should apply the standard set forth by the Second Circuit in Triestman v. United States, 124 F.3d 361, 377 (2nd Cir. 1997). The Second Circuit created its savings clause test based on whether failure to permit a remedy would "raise serious constitutional questions." 124 F.3d at 277. Whenever a judge believes "justice would seem to demand a forum for the prisoner's claim in so pressing a fashion as to cast doubt on the constitutionality of the law that would bar the § 2255 petition," the prisoner would be permitted access to habeas corpus writes. Id. at 378. However, Triestman does not correctly state the controlling law in the Fourth Circuit. Moreover, although the Second Circuit did state that such cases would be rare, its formulation has been criticized as too indefinite for practical enforcement. See In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998).

7

Violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(B) remains a criminal offense and, therefore, the petitioner cannot satisfy the second element of <u>Jones</u>. Because, the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the <u>Jones</u> requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition. To the extent that the petitioner is raising an actual innocence claim, the same applies only in noncapital cases in the context of career offender enhancement or other habitual offender Sentencing Guideline provision. <u>See</u> <u>United States v. Milkalajuanas</u>, 186 F.3d 490, 495 (4th Cir. 1999). Accordingly, this exception is inapplicable in this case, and the petitioner's claim of "actual innocence" must, therefore, be considered under a § 2255 motion.[7]

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the instant petition (Doc. 1) be **DENIED WITH PREJUDICE**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver

---

[7]The undersigned notes that the petitioner filed a motion to reopen his § 2255 motion, which the district court transferred to the 6th Circuit as a second or successive motion filed without the appellate court's authorization. The petitioner then moved for authorization to file a second or successive § 2255 motion. The petitioner proposed to argue that 1) his trial counsel was ineffective and 2) his plea agreement was void because he entered into the agreement based on the government's alleged misrepresentation that the delay in his prosecution did not violate the Speedy Trial Act. The Sixth Circuit denied the petitioner's motion for authorization to file a second or successive § 2255 motion on April 10, 2013.

8

of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 9-4-2013

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE