IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DON NELL HAWKINS,

        Petitioner,

v.                                 Civil Action No. 5:13CV105
                                                     (STAMP)
R.A. PERDUE,

        Respondent.


            **MEMORANDUM OPINION AND ORDER
            AFFIRMING AND ADOPTING REPORT AND
            RECOMMENDATION OF MAGISTRATE JUDGE**

                  I.  Procedural History

    On August 13, 2013, the pro se[1] petitioner, Don Nell Hawkins ("Hawkins"), initiated this 28 U.S.C. § 2241 habeas corpus action. In his petition for habeas corpus, Hawkins argues that his conviction was fraudulently obtained because of misrepresentations made by the government about the irrelevance of his arrest date for purposes of the United States Code Speedy Trial provisions ("Speedy Trial Act").  18 U.S.C. § 161.  The action was referred to United States Magistrate Judge David J. Joel for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

    On September 4, 2013, Magistrate Judge Joel issued his report and recommendation on this case recommending that this Court deny

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 1999).

the plaintiff's § 2241 petition and dismiss this action with prejudice.

The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections.

## II. Facts

On July 21, 2006, the petitioner was arrested by the Canton, Ohio Police Department on drug-related offenses. At that time, the petitioner was under state parole supervision for a 1997 state drug trafficking and escape offense, and federal supervision for a 2001 bank robbery in the Northern District of Ohio.

As a result of his state arrest, the United States Probation Office for the Northern District of Ohio requested the issuance of a warrant; a warrant was issued on July 28, 2006. On September 22, 2006, a criminal complaint was issued against the petitioner in the Northern District of Ohio ("NDOH") for the distribution of crack cocaine. On September 26, 2006, the state court grand jury returned a "no bill" and the next day, the petitioner was released from state custody.

On October 19, 2006, the petitioner, through counsel, filed a motion to dismiss the federal case alleging that the government had failed to file an indictment in accordance with the Speedy Trial Act. The petitioner also filed a pro se motion to dismiss on the same issue on October 20, 2006. Both motions were opposed by the

government, who argued that the NDOH issued a complaint and arrest warrant on September 22, 2006; the petitioner was arrested and made his first appearance on September 25, 2006; and thus, the 30-day clock under the Speedy Trial Act (from arrest to indictment) was triggered on September 25, 2006.

The petitioner was indicted in the NDOH on October 24, 2006. The petitioner's counsel filed yet another motion to dismiss pursuant to the Speedy Trial Act on November 27, 2006. The government responded that the Act is not triggered by a state arrest and thus the 30-day clock only began to run once the petitioner was arrested by federal authorities. The NDOH court adopted the government's reasoning and denied the petitioner's motion to dismiss.

Thereafter, on January 9, 2007, the petitioner accepted a conditional plea to the offense of distribution of 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), b(1)(A), and b(1)(B). The petitioner retained his right to appeal the denial of his motion to suppress as well as his right to appeal or collaterally attack on claims of ineffective assistance of counsel or prosecutorial misconduct. The petitioner, however, waived his right to appeal his conviction or sentence, including waiver of any objections, motions, or defenses based on the statute of limitations, the Speedy Trial Act, or constitutional restrictions on bringing charges. The petitioner then attempted to withdraw his guilty plea for reasons unrelated to the Speedy Trial Act; the NDOH

denied the motion.  The petitioner was subsequently sentenced both for the underlying offense of distribution of crack cocaine and (at a later sentencing) an additional 11 months for violation of his federal supervised release.

The petitioner filed a pro se motion under 28 U.S.C. § 2255 with the NDOH on January 5, 2009 raising grounds of ineffective assistance of counsel and prosecutorial misconduct.  The petitioner did not raise the Speedy Trial Act issue at that time.  This petition was denied at all levels: by the NDOH directly, the United States Court of Appeals for the Sixth Circuit on appeal, and the United States Supreme Court by denial of the petitioner's writ of certiorari.  The petitioner thereafter filed a motion for leave to file a second or successive motion to vacate sentence, asserting his recent discovery of the 1994 case United States v. Benitez, 34 F.3d 1489 (9th Cir. 1994), which he argued supported his Speedy Trial Act argument.  The Sixth Circuit denied the petitioner's application under 28 U.S.C. § 2255(h).

The petitioner then filed a § 2241 petition with this Court in which he raised the Speedy Trial Act issue. United States District Court Judge Irene M. Keeley dismissed this petition with prejudice after adopting United States Magistrate Judge John S. Kaull's recommendation that it be denied because the petitioner did not meet the savings clause requirements under 28 U.S.C. § 2255.

### III. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### IV. Discussion

In his report, the magistrate judge found that the petitioner had not shown that he was eligible for the savings clause under 28 U.S.C. § 2255. The petitioner acknowledges in his petition that he cannot meet the standards set forth in the United States Court of Appeals for the Fourth Circuit case, In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000), but rather argues that this Court should apply the standard set forth by the United States Court of Appeals for the Second Circuit in Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997). The magistrate judge reported that the Triestman standard has a lower threshold for application of the savings clause and requires that the savings clause be applied if the failure to permit a remedy would "raise serious constitutional questions." Id. at 378. This Court agrees with the magistrate judge that this standard does not correctly state the controlling law of the Fourth Circuit which this Court follows.

The magistrate judge, however, also found that if In re Jones were applied to this case, the petitioner would not meet its requirements. The requirements that the petitioner would have to meet are as follows:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Magistrate Judge Joel reported that the petitioner's underlying offense, distribution of crack cocaine, violating 21 U.S.C. §§ 841(a)(1), b(1)(A), and b(1)(B), remains a criminal offense, and thus the petitioner cannot satisfy the second element of In re Jones. Further, he found that if the petitioner was trying to raise an actual innocence claim, the same standard would apply because this is a noncapital case that deals with a career offender enhancement or other habitual offender under the United States Sentencing Guidelines. Thus, the petitioner cannot make a case that he is entitled to the savings clause and this petition would be considered a 28 U.S.C. § 2255 motion. This Court does not find clear error in Magistrate Judge Joel's determination, and thus affirms and adopts the opinion that the petition must be denied.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 8) is hereby AFFIRMED and ADOPTED in its entirety.

6

Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   October 1, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE